[Dkt. Nos. 132]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| HECTOR L. HUERTAS,<br><br>            Plaintiff.<br><br>      v.<br><br>FOULKE MANAGEMENT CORP. et al,<br><br>            Defendants. | Civil No. 17-1891 (RMB/AMD)<br><br>**OPINION** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court on *pro se* Plaintiff Hector Huertas's Motion for Reconsideration [Docket No. 132] of the Court's April 15, 2020 Order granting Defendant Capital One N.A.'s Motion for Summary Judgment with prejudice. [Docket No. 131]. Plaintiff argues that, when the Court issued its order, he still had time to file a motion to vacate, modify, or correct a relevant arbitration award. Capital One contends, however, that the portion of the arbitrator's decision that Plaintiff challenges is irrelevant to the Court's order granting summary judgment. For the reasons stated herein, Huertas's motion will be DENIED.

I.  **BACKGROUND**

The Court previously detailed the factual background of this dispute in its Opinion concerning Defendant's Motion for Summary Judgment [Docket No. 130].  It will now address only the facts relevant to Huertas's current motion.

This case was originally filed in March 2017, and arises from Plaintiff's purchase of a used car in 2016, as well as his subsequent non-payments.  [Docket No. 1].  In December 2017, the Court ordered Plaintiff and Defendant Foulke Management, Corp. to arbitration, pursuant to their signed arbitration agreement. [Docket No. 37].  The Court also stayed Plaintiff's claims against Defendant Capital One, pending the arbitrator's decision concerning arbitrability. [Id.].  Plaintiff's claims against Capital One then returned to the Court's active docket, and the proceedings continued.

Plaintiff alleged two counts against Capital One: violations of the Truth in Lending Act ("TILA") and fraud. [Docket No. 54, at 13, 15].  More specifically, Plaintiff argued that, when purchasing a car from the Foulke Dealership, he was charged $469.45 worth of processing fees in violation of TILA, and that Capital One overcharged him in interest by $1.93.  [See Docket No. 130, at 3-7].

On April 15, 2020, the Court granted Capital One's Motion for Summary Judgment with prejudice.  [Docket Nos. 130 & 131].

2

The Court found that the dealership charged the identified fees to all customers, regardless of whether the customer buys with credit or cash, and therefore they were not fees incident to the extension of credit under TILA. [Id. at 3-5]. Similarly, the Court found that Plaintiff's interest calculations contained mathematical errors, and that Capital One had not overcharged him. [Id. at 5-7]. Finally, the Court noted that Plaintiff's allegation of Capital One engaging in a "bait-and-switch scheme" was both speculative and contradicted his own contentions. [Id. at 6].

Huertas now requests that the Court reconsider its April 15 order because the arbitrator allegedly erred in numerous respects, and Plaintiff still had time to challenge that arbitration award when the Court issued its order.

## II.  LEGAL STANDARD

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i), which provides:

> Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or

3

fact. Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, the party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id.

**III. ANALYSIS**

Plaintiff argues that the Court erred in granting Defendant's Motion for Summary Judgment on April 15, 2020, because he was able to file a motion to vacate, modify, or correct the arbitration award until May 4, 2020. But this argument is unavailing. Whether Plaintiff had time to challenge the arbitration award is irrelevant to his claims against Capital One. Indeed, Plaintiff fails to allege any change in controlling law, identify any new evidence, or contend that the Court committed clear error.

Plaintiff's claims against Capital One are for violations of TILA and for fraud. The Court did not rely on the arbitrator's decision in granting Capital One's Motion for Summary Judgment for these claims. Moreover, Plaintiff does not

4

identify how a reversal of the arbitrator's decision would affect either of his claims against Capital One entitling him to relief. Instead, nearly Plaintiff's entire motion alleges mistakes in the process, rather than their effect on Capital One's Motion for Summary Judgment. "Relief by way of a motion for reconsideration is an extraordinary remedy that is to be granted very sparingly," White v. City of Trenton, 848 F. Supp. 2d 497, 500 (D.N.J. 2012), and Plaintiff has not shown that such relief is appropriate here.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion will be denied. An appropriate Order shall issue on this date.


Dated: November 24, 2020            s/Renée Marie Bumb_____
                                    RENÉE MARIE BUMB
                                    United States District Judge